IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MELDAMION ANTOINE HUGULEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:19CV524 |
| v. | ) | 1:18CR205-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 30.) Petitioner filed a related document entitled "Motion to Dismiss," (Doc. 36), requesting dismissal of the criminal case pursuant to various statutes. The Government has filed a response. (Doc. 38.) Petitioner thereafter filed an Affidavit of Truth, (Doc. 40), a Motion to Amend his original motion to vacate, set aside, or correct sentence, (Doc. 43), a motion seeking leave of court to amend the § 2255 petition, (Doc. 44), and motion for bail pending the court's ruling on his § 2255. The matter is now before the court for a ruling. See Rule 8, Rules Governing § 2255 Proceedings.

## I. BACKGROUND

Petitioner was charged in a multi-count Indictment alleging violations of 18 U.S.C. § 1951(a) (Count One), a violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two), and a violation of 18 U.S.C. § 922(g)(1) (Count Three). (Indictment (Doc. 1).) Petitioner entered a plea of guilty to Counts One and Three of the Indictment pursuant to a written plea agreement. (Plea Agreement (Doc. 13); Minute Entry 08/08/2018.) On November 29, 2018, Petitioner was sentenced to terms of 96 months as to Count One and 96 months as to Count Three, concurrent. (Judgment (Doc. 24); Minute Entry 11/29/2018.) Petitioner did not appeal the sentence.

## II. PETITIONER'S GROUNDS FOR RELIEF

On May 20, 2019, Petitioner filed the pending petition seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (2255 Pet. (Doc. 30).) On March 16, 2020, Petitioner amended his original petition. (2255 Am. Mot. (Doc. 43).) The Government filed a response to the original petition, (Doc. 38), but has not responded to the motion to amend.

Petitioner also filed a related motion to dismiss. (Doc. 36.)[1] The matters are ripe for ruling. For the following reasons, the petition and related motion will be denied.

Petitioner raises four claims in his petition:

Ground One: "Lack of jurisdiction and ineffective assistance of counsel." (2255 Pet. (Doc. 30) at 4.)[2] Petitioner contends the jurisdiction of the Federal government is limited by Article I, Section 8 of the Constitution to the District of Columbia. (Id.) Petitioner suggests his counsel was ineffective for failing to notify Petitioner of his right to appeal. (Id.)

Ground Two: "Lack of jurisdiction." (Id. at 5.) Petitioner contends Article IV, Section 3 of the Constitution limits jurisdiction to certain federal territories, including the District of Columbia, military bases and federal agencies. (Id.)

---

[1] Petitioner's Motion to Dismiss requests dismissal of his criminal case. (Doc. 36) at 1.) Petitioner requests, amongst other things, release from custody and imprisonment, expungement of his record, and monetary relief. (Id. at 3.) This motion is essentially asking the court to vacate, set aside, or correct Petitioner's sentence, which is already addressed in Petitioner's original and amended petitions. Therefore, because this court will deny Petitioner's petition, this court will deny Petitioner's motion to dismiss for the same reasons.

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page number at the bottom right-hand corner of the documents as they appear on CM/ECF.

Ground Three: "Lack of jurisdiction and ineffective assistance of counsel." (Id. at 6.) Petitioner alleges that the Federal government has no capacity to exercise jurisdiction in the state of North Carolina. (Id. at 6-7.) Relatedly, Petitioner contends that counsel was ineffective for failing to properly assist Defendant by notifying him of a lack of jurisdiction of the Federal courts. (Id. at 7.)

Ground Four: "Lack of Jurisdiction." (Id. at 8.) Petitioner contends that "federal courts can hear cases that arise on federal property but not state property." (Id.)

Petitioner raises two additional grounds for relief in his amended petition, although the grounds are related and will be addressed as one additional claim for a fifth claim:

Ground Five: "Actual Innocence" and "Defective Plea Agreement." (2255 Am. Mot. (Doc. 43) at 1.) Petitioner contends counsel deceitfully and maliciously coerced him to sign a plea agreement despite the fact discovery provided did not identify Defendant as the individual who committed the crimes with which he was charged. (Id. at 1-2.)

### III. DISCUSSION

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

-4-

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

## A. Lack of Jurisdiction

Petitioner alleges this court lacks jurisdiction and cites Article I, Section 8 and Article IV, Section 3 in support of that argument. (2255 Pet. (Doc. 30) at 4-5.) Petitioner further alleges that the Federal government has no capacity to exercise jurisdiction in the state of North Carolina, (id. at 6-7), and that "federal courts can hear cases that arise on federal property but not state property," (id. at 8).

First, Petitioner's claims that this court is without jurisdiction are incorrect. This court has jurisdiction to adjudicate any alleged violation of a criminal law passed by Congress. U.S. Const. art. III, § 2; 18 U.S.C. § 3231. Article I, Section 8 of the Constitution "empowers Congress to create, define and punish crimes irrespective of where they are committed." See United States v. Mundt, 29 F.3d 233, 237 (6th

-5-

Cir. 1994) (citation omitted). Article IV, Section 3 of the Constitution empowers Congress to enact rules and regulations for Federal public lands. See Kleppe v. New Mexico, 426 U.S. 529, 529-30 (1976). However, Article IV does not prevent Congress from punishing the commission of federal crimes not on federal public land. See Mundt, 29 F.3d at 237.

The indictment in this case alleged Petitioner was in violation of 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c)(1)(A)(iii), and 18 U.S.C. § 922(g)(1). (Indictment (Doc. 1).) Because the indictment alleged offenses against the laws of the United States, this court had jurisdiction over Petitioner and the charged crimes. See 18 U.S.C. § 3231.

Second, Petitioner's allegations that this court is without territorial jurisdiction are equally without merit. It is well-settled that criminal laws validly enacted by Congress may be prosecuted without regard to the territorial location of the crime's commission. See Mundt, 29 F.3d at 237. Under the "dual-sovereignty" doctrine, the United States may prosecute a violation of a federal crime that a state could also prosecute under state law. Gamble v. United States, 587 U.S. \_\_\_\_, \_\_\_\_, 139 S. Ct. 1960, 1964 (2019). Thus, in this case the Government validly prosecuted the charges in the indictment even though they occurred in the state of North Carolina. Petitioner's

grounds for relief because of lack of jurisdiction are without merit and should be dismissed.

**B.  Ineffective Assistance of Trial Counsel**

As a subpart of Ground One, Petitioner alleges his sentence should be amended, vacated, or set aside because of ineffective assistance of counsel. (2255 Pet. (Doc. 30) at 4, 6-7.) Petitioner's allegations as to this ground are limited to a subpart of Ground One and further limited in factual detail: Petitioner alleges his counsel was ineffective for failing to notify Petitioner of his right to appeal, and that he "did not know [he] could file a[] direct appeal and [his] lawyer . . . didn't tell [him he] could." (Id. at 4.)[3]

It is not clear that Petitioner's two allegations are sufficient to raise an issue of ineffective assistance of counsel as a separate ground for relief, distinct from the alleged jurisdictional defect. Nevertheless, Petitioner does not allege or state, in any fashion, that had he been advised of his

---

[3] Petitioner also alleges elsewhere in the petition that his public defender was ineffective "when she refused to notify and assist me to obtain my proper rights and in doing so failed to notify me of lack of jurisdiction of the federal courts and lessened the possibility of a different outcome concerning my legal situation." (Doc. 30 at 7.) This is alleged as a part of Ground Three. However, this allegation is insufficient to create an issue or require a hearing; counsel cannot be ineffective for refusing to pursue a futile claim. See Truesdale v. Moore, 142 F.3d 749, 755 (4th Cir. 1998).

-7-

right to appeal he would have requested an appeal; nor does Petitioner allege he desires to appeal now. Under these circumstances, there is no prejudice to Petitioner because Petitioner does not contend that he would have requested the filing of an appeal had counsel so advised of his right to appeal.

To demonstrate ineffective assistance of counsel, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the second prong, a petitioner must show that prejudice resulted from the deficient performance, that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds as recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even

consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc). Here, Petitioner's suggestion that he was not notified of his right to appeal, and nothing further, fails to establish prejudice.

More pointedly, there is a fundamental flaw in Petitioner's allegations that requires denial of a hearing and dismissal of any claim of ineffective assistance of counsel. Petitioner's allegations are contradicted by his statements given to the court under oath at the Rule 11 hearing.

Petitioner simply alleges that "my federal public defender . . . didn't notify me of my right of a direct appeal which is ineffective assistance of counsel," and "I did not know I could file a[] direct appeal and my lawyer Kathleen Gleason didn't tell me I could." (2255 Pet. (Doc. 30) at 4.) Petitioner was in fact aware of his right to appeal and his waiver of that right as evidenced by his plea agreement and his statements made to the court at the Rule 11 hearing and at sentencing.

Regarding Petitioner's allegation that his counsel did not notify him of the right to appeal, this argument is without merit because Petitioner was aware of his right to appeal and waived that right, except for limited circumstances, in his plea agreement, which was accepted by this court. (Plea Agreement

-9-

(Doc. 13) ¶ 5d.)[4] During the course of the Rule 11 hearing, Petitioner was advised and stated as follows:

> THE COURT: Ms. Gleason, as I understand this plea agreement, Mr. Huguley has agreed to enter a voluntary plea of guilty to the offenses charged in Counts One and Three of the indictment.
>
> Mr. Huguley has agreed to make restitution based upon the Court's calculation of relevant conduct.
>
> Any remaining counts will be dismissed at the conclusion of the sentencing hearing.
>
> The Government has agreed to recommend Mr. Huguley for a reduction in his offense level pursuant to Section 3E1.1(b) of the sentencing guidelines if he otherwise qualifies.
>
> Mr. Huguley has agreed to abandon any interest he might otherwise have in any property seized by law enforcement during the course of the investigation.
>
> And, finally, Mr. Huguley has agreed to waive his right to appeal the conviction and sentence on any

---

[4] The Plea Agreement states that Petitioner:

expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

(Plea Agreement (Doc. 13) ¶ 5d.)

-10-

ground and to waive his right to contest the conviction and sentence on any ground, except he has reserved those rights with respect to four categories: One, ineffective assistance of counsel; two, prosecutorial misconduct not known to Mr. Huguley at the time of his guilty plea; three, a sentence in excess of the statutory maximum; and, four, a sentence based on an unconstitutional factor.

Is that your understanding of Mr. Huguley's plea agreement?

MS. GLEASON: It is, Your Honor.

. . . .

THE COURT: Mr. Huguley, is my summary of the plea agreement the same as your understanding of the terms of your plea?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to review that plea agreement and discuss it with Ms. Gleason?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand all the terms of your plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: And does this plea agreement represent the entire agreement between you and the United States in this case?

THE DEFENDANT: Yes, sir.

THE COURT: All right. With respect to the specific provisions, Mr. Huguley, the plea agreement contains an appeal waiver in which you've given up your right to appeal as well as your right to challenge the conviction and sentence in any post-conviction proceeding, except for those four grounds reserved in the plea agreement.

-11-

> First of all, have you at least generally
> discussed with Ms. Gleason your appeal and post
> conviction rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And have you discussed with her your
> waiver of those rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand your waiver of
> those rights?
>
> THE DEFENDANT: Yes, sir.

(Tr. of Change of Plea Hr'g (Doc. 34) at 5-7.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner knew of his right to appeal, acknowledged that he had discussed that right with counsel, and that he understood the right to appeal and his waiver of that right.

Moreover, at sentencing, this court reminded Petitioner he had waived his right to appeal except for limited circumstances. (Tr. of Sentencing Hr'g (Doc. 35) at 20.) Thus, the record indicates that Petitioner waived his right to appeal except for limited circumstances outlined in the plea agreement, and

-12-

Petitioner told this court he was aware of his appeal rights and his waiver of those rights. (Id.) Petitioner also acknowledged he knew his attorney would file a notice of appeal if he instructed her to do so. (Id. at 20-21.) Petitioner's allegation that he "did not know [he] could file a[] direct appeal," (22255 Pet. (Doc. 30) at 4), is without merit and contradicted by his statements under oath at the Rule 11 hearing and statements made to the court at sentencing.

Turning to Petitioner's allegation that his attorney did not notify him of the lack of jurisdiction, that argument is without merit because as discussed supra Part III.A, this court did not lack jurisdiction. It is not ineffective assistance of counsel to not pursue a futile claim. See Truesdale, 142 F.3d at 755. It would have been futile for Petitioner's trial counsel to raise a lack of jurisdiction argument at trial because this court plainly did not lack jurisdiction. In sum, Petitioner's grounds for relief because of ineffective assistance of counsel is without merit and should be dismissed.

### C. Actual Innocence and Defective Plea Agreement

Ground 5 of Petitioner's amended motion alleges Petitioner's trial counsel coerced him into signing a defective plea agreement, and because the plea agreement is defective, this proves Petitioner's actual innocence. (2255 Am. Mot. (Doc.

43) at 1-2.) Petitioner's allegation that he was coerced into signing a plea agreement is without merit.

At the Rule 11 hearing, this court asked Petitioner whether anyone pressured him into entering the guilty plea, and Petitioner indicated no one forced him to plead guilty. (Tr. of Change of Plea Hr'g (Doc. 34) at 10.) This court found that Petitioner's plea was knowing and voluntary. (Id. at 19.) Petitioner's counsel affirmed this plea agreement was without threat or promise, and this court found the plea was entered voluntarily. (Id. at 2, 19.) The record thus indicates that Petitioner's plea was not coerced. Petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal. Lemaster, 403 F.3d at 220.

Therefore, Petitioner's ground for relief because of actual innocence due to a defective plea agreement is without merit and should be dismissed.

## IV. CONCLUSION

Petitioner presents no basis upon which to find he is entitled to relief, as the files and records of the case conclusively show that Petitioner is not entitled to relief. Even assuming some error on the part of counsel, which does not appear from this record, Petitioner has not shown any reasonable

-14-

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, as amended, (Doc. 30), and Motion to Dismiss, (Doc. 36), are **DENIED** and that this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend, (Doc. 43), and Motion to Request Leave, (Doc. 44), are **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Bail Pending Decision of Amended Motion to Vacate, (Doc. 45) is **DENIED AS MOOT.**

A judgment dismissing this action will be entered contemporaneously with the Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 4th day of October, 2021.

_____
United States District Judge